IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND G. POZOIC,
    Plaintiff

v.

DAUPHIN COUNTY
COMMISSIONERS, ET AL.,
    Defendants

CIVIL NO. 3:12-CV-2540

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

FILED

APR - 3 2013

PER _____
DEPUTY CLERK

## MEMORANDUM

On December 19, 2012, Plaintiff, Raymond G. Pozoic, an inmate currently incarcerated at the State Correctional Institution at Camp Hill, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, challenging conduct that occurred while he was an inmate at the Dauphin County Prison in Harrisburg, Pennsylvania. (Doc. 1). Plaintiff alleges that his probation violation hearing and sentencing on August 22, 2012, were unconstitutionally held at the Prison instead of the Dauphin County Court of Common Pleas and that he was not permitted to call witnesses or testify on his own behalf. (Id.). Named as Defendants are Dauphin County Commissioners, a Dauphin County Court Administrator, a Dauphin County Court of Common Pleas Judge, a Dauphin County probation officer, the Dauphin County District Attorney, and the Warden of the Dauphin County Prison. (Id.). The complaint requests monetary damages and injunctive relief. (Id.). Also on December 19, 2012, Plaintiff filed a motion for leave to proceed in forma pauperis. (Doc. 2).

On January 7, 2013, Plaintiff filed a motion to amend his complaint seeking to remove and add Defendants. (Doc. 9). The motion contains additional factual allegations and notes that Plaintiff's appeal from the revocation proceedings is pending in the Pennsylvania Superior Court.

(Id.). Plaintiff also filed a request for injunction on January 7, 2013. (Doc. 10). He seeks an injunction order requiring Defendants to stop holding court proceedings at the Dauphin County Prison. (Id.).

On January 24, 2013, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that this Court should abstain from addressing Plaintiff's request for injunctive relief while the matter is being litigated in the state courts pursuant to Younger v. Harris, 401 U.S. 37 (1971), Plaintiff's claim for monetary damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and the state judicial employees and prosecutor are entitled to immunity from personal liability. (Doc. 11). The Magistrate Judge recommends that Plaintiff's motions for leave to proceed in forma pauperis and to amend his complaint be granted, but the complaint and amended pleading be dismissed without prejudice to file an amended complaint curing the deficiencies cited in the R&R. (Id.). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining

whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

**Discussion**

In the absence of objections, this Court has reviewed the instant action for plain error and finds none. Accordingly, the R&R will be adopted.

Magistrate Judge Carlson explains that the "Court has a statutory obligation to conduct a preliminary review of pro se complaints filed by prisoners who seek leave to proceed in forma pauperis which seek redress against government officials." (Doc. 11, p. 2). Pursuant to 28 U.S.C. § 1915A, a court must dismiss a complaint that is frivolous, malicious, or fails to state a claim upon which relief may be granted; or one that seeks monetary relief from a defendant who is immune. (Id. at pp. 2-3); see also 28 U.S.C. § 1915(e). The Magistrate Judge determines that the statute's text mirrors the language in Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Id. at p. 3). The R&R then outlines the applicable pleading standards. See (Doc. 11, pp. 3-6), citing Ashcroft v. Iqbal, 556 U.S. 662, 677-78 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007) (stating that a court need not "accept legal conclusions set forth as factual allegations"); FED. R. CIV. P. 8 (requiring a "short and plain statement of the claim showing that the pleader is entitled to relief"). Magistrate Judge Carlson explains that the court must accept as true all allegations in the complaint and construe all reasonable inferences

3

that can be drawn therefrom in the light most favorable to the plaintiff. (Id. at p. 4) (citing Jordan v. Fox Rothschild, O'Brien & Frankel, Inc., 20 F.3d 1250, 1261 (3d Cir. 1994)).

Applying these legal benchmarks, Magistrate Judge Carlson finds that the complaint should be dismissed for several reasons. (Doc. 11, p. 7). The R&R states, first, that this Court should abstain from addressing Plaintiff's request for injunctive relief while the matter is being litigated in the state courts. (Id. at pp. 7-9) (citing Younger v. Harris, 401 U.S. 37 (1971)). The Magistrate Judge explains, "'Younger abstention is a legal doctrine granting federal courts discretion to abstain from exercising jurisdiction over a claim when resolution of that claim would interfere with an ongoing state proceeding.'" (Id.). Magistrate Judge Carlson finds that the three (3) legal requirements for Younger abstention are met. (Id.) (quoting Kendall v. Russell, 572 F.3d 126, 131 (3d Cir. 2009)). Specifically, there are ongoing state criminal proceedings, see Commonwealth v. Pozoic, 1863 MDA 2012 (Pa. Super. 2012), that implicate the important state interests in enforcing criminal law, which will afford Plaintiff a full and fair opportunity to litigate the issues raised in the instant action. (Doc. 11, p. 9). The Magistrate Judge recommends that this Court exercise its discretion to abstain and dismiss the case. (Id.), citing Lui v. Commission on Adult Entertainment Establishments, 369 F.3d 319, 325 (3d Cir. 2004) ("We have had a longstanding public policy against federal court interference with state court proceedings.").

After review, this Court concurs that the Younger requirements are met. See Miller v. Ayres, 2009 U.S. Dist. LEXIS 37562, *9-12 (W.D. Pa. 2009) (finding that all three (3) prongs of Younger were satisfied because the plaintiff was subject to a criminal sentence of probation, the state had a vital interest in the supervision of Pennsylvania probationers, and the plaintiff had the

4

ability to raise his constitutional challenges before the state court). Further, this Court will follow Magistrate Judge Carlson's recommendation to not interfere with state judicial proceedings. See Cicchiello v. Rosini, 2013 U.S. Dist. LEXIS 44779, *23 (M.D. Pa. 2013) (Carlson, M.J.) (recommending that the Court abstain from deciding the plaintiff's complaint, which challenged her state court conviction and revocation proceedings, based on the Younger abstention doctrine because the plaintiff was actively seeking relief in the state courts), adopted by No. 4:12-cv-2066, (Docs. 16, 17), (M.D. Pa. March 25, 2013) (Brann, J.) (dismissing the complaint).

Second, Magistrate Judge Carlson concludes that the monetary damages claim is barred by the favorable termination rule in Heck v. Humphrey, 512 U.S. 477 (1994).[1] (Doc. 11, pp. 10-11) (citing Hector v. Watt, 235 F.3d 154, 155-56 (3d Cir. 2000)). The R&R explains that Plaintiff's "prior state criminal probation revocation did not terminate favorably for him, since he admits that he was convicted in this state case and is serving a sentence." (Id.). Accordingly, Plaintiff cannot bring a civil rights action for damages unless, or until, his state probation revocation has been set side or overturned. (Id.).

This Court agrees with the Magistrate Judge. For judgment to be entered in Plaintiff's favor, this Court would have to find that his probation violation hearing, and consequently the decision to revoke probation and the sentence, was unlawful. See Hudson v. Green, 2008 U.S.

---

[1]In Heck, the Supreme Court held that where a judgment in favor of a section 1983 plaintiff would necessarily implicate the invalidity of the conviction or the length of his sentence, a cause of action under 42 U.S.C. § 1983 is not cognizable unless the plaintiff can show that his underlying conviction or sentence had been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a writ of habeas corpus.

5

Dist. LEXIS 76521, *10-12 (M.D. Pa. 2008) (Conaboy, J.) (holding that the plaintiff's claim that he was denied parole based on unconstitutional considerations , "insofar as they implicate the unlawfulness of [plaintiff's] continued incarceration without his having first succeeded in invalidating the [Parole Board's] denial of parole," were precluded under Heck, 512 U.S. at 486-87). Because Plaintiff's probation revocation has not been set aside, Heck precludes this civil rights action. See Cicchiello, 2013 U.S. Dist. LEXIS 44779 at *24 (finding that the plaintiff could not recover damages from state officials arising out of her prosecution and/or probation revocation because the plaintiff's conviction had not been overturned), adopted by No. 4:12-cv-2066 at (Docs. 16, 17) (adopting the Report and Recommendation).

Third, the Magistrate Judge determines that the state judicial employees and prosecutor are entitled to individual immunity. (Doc. 11, p. 12-16). The R&R states:

> The United States Supreme Court has long recognized that those officials performing judicial, quasi-judicial, and prosecutorial functions in our adversarial system must be entitled to some measure of protection from personal liability for acts taken in their official capacities. In order to provide this degree of protection from liability for judicial officials, the courts have held that judges, Mireless v. Waco, 502 U.S. 9, 13 (1991); prosecutors, Imbler v. Pachtman, 424 U.S. 409, 427 (1976); and those who perform adjudicative functions, Imbler, 424 U.S. at 423 n.20 (grand jurors); Harper v. Jeffries, 808 F.2d 281, 284 (3d Cir. 1986)(parole board adjudicators); are entitled to immunity from personal liability for actions they take in our adversarial system of justice.

(Doc. 11, p. 12). Magistrate Judge Carlson concludes that Defendant Judge Bratton is entitled to immunity. (Id.), quoting Catanzaro v. Collins, 2010 U.S. Dist. LEXIS 41284, *17-18 (M.D. Pa. 2010) (Fischer, J.) ("It is a well-settled principle of law that judges are generally immune from a suit for money damages.") (internal citations omitted), affirmed, 447 Fed. Appx. 397 (3d Cir. 2011). Next, the Magistrate Judge finds that although the complaint fails to name the specific

state prosecutor, his claim is based solely on the act of prosecuting him, for which the prosecutor is entitled to immunity. (Doc. 11, pp. 13-14), quoting Yarris v. County of Delaware, 465 F.3d 129, 135 (3d Cir. 2006) ("[T]he Supreme Court held that state prosecutors are absolutely immune from liability under § 1983 for actions performed in a quasi-judicial role."). Magistrate Judge Carlson determines that the individual state court employees are also immune from liability for their roles in the probation revocation and sentencing. (Doc. 11, pp. 15-16), quoting Stout v. Naus, 2009 U.S. Dist. LEXIS 53063, *8-10 (M.D. Pa. 2009) (McClure, J.) (discussing the doctrine of absolute quasi-judicial immunity).

After review, this Court will adopt this analysis in its entirety. See Cicchiello, 2013 U.S. Dist. LEXIS 44779 at *26-27 (determining that the state court judge, prosecutors, and courthouse employees are immune from liability in their personal capacities), adopted by No. 4:12-cv-2066 at (Docs. 16, 17) (agreeing with the Magistrate Judge's Report and Recommendation).

Finally, Magistrate Judge Carlson recommends that, although a merit analysis calls for dismissal of the complaint, Plaintiff be given an opportunity to attempt to cure the deficiencies by filing an amended complaint. (Doc. 11, p. 16), citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004) (holding that "even when a plaintiff does not seek leave to amend, if a complaint is vulnerable to 12(b)(6) dismissal, a District Court must permit a curative amendment, unless an amendment would be inequitable or futile.").

This Court will follow Magistrate Judge Carlson's recommendations and grant Plaintiff an opportunity to file an amended complaint. Plaintiff is advised that the "amended complaint must be complete in all respects." Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.). It must be a new pleading which stands by itself without reference to the original

7

complaint. Id. The amended complaint "may not contain conclusory allegations[; r]ather, it must establish the existence of specific actions by the defendants which have resulted in constitutional deprivations." Id. (citing Rizzo v. Goode, 423 U.S. 362 (1976)). "The amended complaint must also be 'simple, concise, and direct' as required by the Federal Rules of Civil Procedure." Id. (citing FED. R. CIV. P. 8(e)(1)).

This action will be remanded to Magistrate Judge Carlson for further proceedings. A separate Order will be issued.

Date: April 3, 2013

*[signature]*
**United States District Judge**