# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

RAYMOND G. POZOIC,
    Plaintiff

v.

DAUPHIN COUNTY
COMMISSIONERS, ET AL.,
    Defendants

CIVIL NO. 3:12-CV-2540

(JUDGE NEALON)
(MAGISTRATE JUDGE CARLSON)

FILED
SCRANTON
MAY 2 0 2013
PER _____
DEPUTY CLERK

## MEMORANDUM

On December 19, 2012, Plaintiff, Raymond G. Pozoic, an inmate currently incarcerated at the State Correctional Institution in Mercer, Pennsylvania, filed a civil rights complaint pursuant to 42 U.S.C. § 1983, challenging conduct that occurred while he was an inmate at the Dauphin County Prison in Harrisburg, Pennsylvania. (Doc. 1). Plaintiff alleged that his probation violation hearing and sentencing on August 22, 2012, were unconstitutionally held at the Prison instead of the Dauphin County Court of Common Pleas and that he was not permitted to call witnesses or to testify on his own behalf. (Id.). Named as Defendants were Dauphin County Commissioners, a Dauphin County Court Administrator, a Dauphin County Court of Common Pleas Judge, a Dauphin County probation officer, the Dauphin County District Attorney, and the Warden of the Dauphin County Prison. (Id.). On January 7, 2013, Plaintiff filed a motion to amend his complaint and a request for an injunction against the Dauphin County Prison. (Docs. 9-10).

On January 24, 2013, Magistrate Judge Martin C. Carlson screened the complaint and issued a Report and Recommendation ("R&R") concluding that this Court should abstain from addressing Plaintiff's request for injunctive relief while the matter is being litigated in the state

courts pursuant to Younger v. Harris, 401 U.S. 37 (1971), that Plaintiff's claim for monetary damages is barred by Heck v. Humphrey, 512 U.S. 477 (1994), and that the state judicial employees and prosecutor are entitled to immunity from personal liability. (Doc. 11). The Magistrate Judge recommended that Plaintiff be afforded an opportunity to amend his complaint. (Id.). No objections were filed. On April 3, 2013, this Court adopted the R&R and directed Plaintiff to file an amended complaint within twenty (20) days. (Docs. 13-14).

On April 23, 2013, Plaintiff filed an amended complaint. (Doc. 15). He also filed a motion for injunction against the Dauphin County Court of Common Pleas and Prison. (Doc. 16). On April 24, 2013, Magistrate Judge Carlson screened the amended complaint pursuant to 28 U.S.C. § 1915A. (Doc. 17); see also 28 U.S.C. § 1915(e). The Magistrate Judge recommends that the amended complaint be dismissed with prejudice and that the motion for injunction be denied. (Id.). No objections have been filed and, for the reasons set forth below, the R&R will be adopted.

**Standard of Review**

When neither party objects to a magistrate judge's report and recommendation, the district court is not statutorily required to review the report, under de novo or any other standard. Thomas v. Arn, 474 U.S. 140, 152 (1985); 28 U.S.C. § 636(b)(1)(C). Nevertheless, the Third Circuit Court of Appeals has held that it is better practice to afford some level of review to dispositive legal issues raised by the report. Henderson v. Carlson, 812 F.2d 874, 878 (3d Cir. 1987), writ denied, 484 U.S. 837 (1987); Garcia v. I..N.S., 733 F. Supp. 1554, 1555 (M.D. Pa. 1990) (Kosik, J.) (stating "the district court need only review the record for plain error or manifest injustice"). In the absence of objections, review may properly be limited to ascertaining

2

whether there is clear error that not only affects the rights of the plaintiff, but also seriously affects the integrity, fairness, or public reputation of judicial proceedings. Cruz v. Chater, 990 F. Supp. 375, 377 (M.D. Pa. 1998) (Vanaskie, J.). The district court may accept, reject, or modify, in whole or in part, the findings and recommendations contained in the report. 28 U.S.C. § 636(b)(1)(C); M.D. Pa. L.R. 72.3.

## Discussion

In the absence of objections, this Court has reviewed the instant action for plain error and finds none. Accordingly, the R&R will be adopted.

Magistrate Judge Carlson explains the Court's screening obligations, the applicable pleading standards, and the standard of review. See (Doc. 17, pp. 3-7). Applying these legal benchmarks, the Magistrate Judge concludes that the "amended complaint continues to run afoul of several threshold legal obstacles, obstacles which combine to compel dismissal of this amended complaint." (Id. at p. 7). As in his first R&R, Magistrate Judge Carlson finds that the Younger abstention doctrine dictates that this Court should abstain from addressing Plaintiff's claims for injunctive relief while his criminal case is pending in the state courts. (Id. at pp. 7-10 (citing Younger, 401 U.S. 37). Further, the Magistrate Judge determines that Heck's favorable termination rule compels dismissal of Plaintiff's claims. (Doc. 17, pp. 10-12) (citing Heck, 512 U.S. 477). Magistrate Judge Carlson then explains that "the Rooker-Feldman doctrine, which compels federal district courts to decline invitations to conduct what amounts to appellate review of state trial court decisions", likewise bars consideration of this case. (Doc. 17, pp. 12-15) (citing Rooker v. Fidelity Trust Co., 263 U.S. 413 (1923) and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983)). Fourth, the Magistrate Judge concludes, as he did in

the first R&R, that the state judicial employees and prosecutor are entitled to immunity. (Doc. 17, pp. 15-16) (discussing cases). Next, Magistrate Judge Carlson finds that Plaintiff's motion for injunctive relief was rendered moot when he was released from the Dauphin County Prison. (Id. at pp. 17-18) (quoting Blanciak v. Allegheny Ludlum Corp., 77 F.3d 690, 698-99 (3d Cir. 1996)). Finally, the Magistrate Judge determines that because Plaintiff was previously given an opportunity to file an amended complaint that granting further leave to amend would be futile or result in undue delay. (Doc. 17, pp. 18-19) (citing Alston v. Parker, 363 F.3d 229, 235 (3d Cir. 2004)).

After review and in the absence of objections, this Court will adopt the R&R in its entirety.[1] Plaintiff's amended complaint will be dismissed with prejudice and his motion for injunction will be denied.

A separate Order will be issued.

Date: May 20, 2013

United States District Judge

---

[1] This Court notes that Plaintiff's amended complaint also violates Rule 10(a) of the Federal Rules of Civil Procedure, which states: "[t]he title of the complaint must name all the parties." FED. R. CIV. P. 10(a). Plaintiff's amended complaint is titled "RAYMOND G POZOIC :V: DAUPHIN COUNTY COMMISSIONERS, ET, AL". (Doc. 15). Other than requesting to dismiss Judge Bruce Brattion as a defendant, the amended complaint fails to mention any other defendant by name. (Id.). Importantly, on April 3, 2013, this Court advised Plaintiff that his "amended complaint must be complete in all respects" and that it "must be a new pleading which stands by itself without reference to the original complaint." (Doc. 13, pp. 7-8) (citing Young v. Keohane, 809 F. Supp. 1185, 1198 (M.D. Pa. 1992) (Conaboy, J.)). "The designation of 'et al' in a complaint's caption, without an identification of the proper parties in the body of the complaint, does not satisfy the Rule 10(a) identification requirement." Allen v. AMTRAK, 2004 U.S. Dist. LEXIS 24846, *10-11 (E.D. Pa. 2004).

4